IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| OBD SENSOR SOLUTIONS LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 2:22-cv-00124-JRG-RSP |
| | § | |
| TRACK WHAT MATTERS, L.L.C. | § | |
| d/b/a RHINO FLEET TRACKING, | § | |
| | § | |
| *Defendant.* | § | |

## REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss Under Rule 12(b)(6) filed by Defendant Track What Matters, LLC d/b/a Rhino Fleet Tracking ("Rhino"). **Dkt. No. 18**. For the following reasons, the motion to dismiss should be **DENIED**.[1]

### I.    BACKGROUND

On April 22, 2022, Plaintiff OBD Sensor Solutions LLC ("OBDSS") filed suit against Rhino alleging that Rhino directly and indirectly infringes U.S. Patent No. 7,146,346 (the "'346 Patent"). Dkt. No. 1 (Complaint) at ¶ 40; Dkt. No. 14 (Amended Complaint) at ¶ 49. The '346 Patent generally relates to a fuzzy-logic on-board device for monitoring and processing motor vehicle operating data. Dkt. No. 14-1 (the '346 Patent) at 1:8–12. Claim 1 of the '346 Patent—which is exemplary for purposes of this motion—recites:

> 1.    An electronic device for monitoring and processing information data related to the use and functioning of motor vehicles through an inner network connecting vehicle sensors, said device comprising:
> a central processing unit **(3)**;
> an integrated data storage **(4)** connected to the central processing unit; and
> a network connector **(8)** operatively connected to the central processing unit and
>       configured to be connected to an inner network of a motor vehicle through a

---

[1] Since the Court recommends denying the Motion to Dismiss Under Rule 12(b)(6), and the Motion for Rule 11 Sanctions (**Dkt. No. 13**) relies largely on the same positions raised in the motion to dismiss, the Court **DENIES** the Motion for Rule 11 Sanctions.

> connector **(40)** used by motor vehicle makers for accessing a vehicle on-board electric system with a diagnostic unit,
>
> said device being a stand-alone device cooperating with the vehicle electronic dedicated control units, via said network connector and through said inner network, and processing information data related to use and functioning of the motor vehicle received through said network connector and the inner network from connected vehicle sensors,
>
> said data received through said inner network being processed by said central processing unit and performed analysis being stored into said storage **(4)**;
>
> an interface connector **(2)** providing connection to one of a radio transmitter **(6)** and a wireless unit; and
>
> a front-end device **(6)** and a bus **(13)** connecting said network connector **(8)** to said central processing unit; and
>
> a further bus **(14)** connecting said central processing unit to said storage **(4)**,
>
> wherein said device is coupled, through said on-board network connector **(8)**, with one of an OBD- and an EOBD connector **(40)** for interfacing the motor vehicle inner networks with an outside network of said motor vehicle.

Dkt. No. 14-1 at 6:8–43. In its complaint, OBDSS alleges that Rhino makes, uses, sells, and/or offers for sale its "Plug-in OBDII" vehicle tracking devices and associated software and applications, which monitor and process motor vehicle operating data (the "Accused Instrumentalities"). Dkt. No. 14 at ¶ 18. OBDSS identifies where each element of exemplary claim 1 of the '346 Patent is found in the Accused Instrumentalities. *Id.* at ¶¶ 29–39. OBDSS's allegations include specific details as to the "interface connector" term of claim 1:

> The Accused Instrumentalities also include an interface connector providing connection to one of a radio transmitter and a wireless unit. For example, the Accused Instrumentalities use GSM/GPRS and/or other wireless and/or radio units/chips to transmit data from the device to various external devices through a connection provided by the GSM/GPRS and/or other wireless and/or radio units/chips. These units and/or chips are interface connectors that provide a connection to radio transmitters and wireless units, including, but not limited to, radio transmitters and wireless units in the personal computing devices of employees and operators, local cellular tower systems, and computing devices operated by the fleet manager. As another example, the Accused Instrumentalities also include several physical interface connectors internal to the device, for example, connecting the central processing unit and other components of the device to the GSM/GPRS and/or other wireless and/or radio units/chips in the device.

> *Id.* at ¶ 36.

Rhino moves to dismiss OBDSS's claims in the amended complaint as offering infringement theories that rely on allegedly implausible claim construction positions. Dkt. No. 18 at 5.[2] For example, Rhino asserts that no plausible construction of the "interface connector" term recited in the claims could read on the Accused Instrumentalities. *Id*. Accordingly, Rhino requests that the Court dismiss this case, or alternatively, expedite claim construction as to the "interface connector" term that Rhino asserts is dispositive.

Thus, the issue before the Court is whether OBDSS sets forth a plausible theory of infringement if the facts in ODBSS's amended complaint are accepted as true.

## II.    LAW

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court can dismiss a complaint that fails to meet this standard. Fed. R. Civ. P. 12(b)(6). To survive dismissal at the pleading stage, a complaint must state "enough facts to state a claim to relief that is plausible on its face." *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff, but the Court is not required to accept the plaintiff's legal conclusions as true. *Id.*

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). The Court must limit its review "to the

---

[2] Citations to page numbers correspond to those assigned through ECF.

contents of the pleadings." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

In the context of patent infringement, a complaint must place the alleged infringer on notice of what activity is being accused of infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017). However, the plaintiff is not required to prove its case at the pleading stage. *Id.* The general rule is that courts do not engage in claim construction at the pleadings stage unless it is clear that the claims cannot plausibly be construed to cover the accused instrumentalities. *Compare Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) ("Defendants' arguments boil down to objections to Nalco's proposed claim construction for 'flue gas,' a dispute not suitable for resolution on a motion to dismiss."), *and In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323 at 1343, n. 13 (Fed. Cir. 2012) ("We afford the claims their broadest possible construction at this stage of the proceedings."), *with Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018) ("The district court correctly found that the 'book holder' cannot plausibly be construed to include or be the equivalent of a camera holder, in view of the specification and the prosecution history.").

## III.    ANALYSIS

Accepting the facts set forth in ODBSS's amended complaint as true, does OBDSS raise a plausible theory of infringement? The Court holds that it does.

Rhino recognizes the general rule that district courts ordinarily do not perform claim construction at the pleadings stage. Dkt. No. 18 at 12. Nevertheless, the foundation of Rhino's argument is that the asserted claims "cannot plausibly be construed" to cover the Accused Instrumentalities. *Id.* (citing *Ottah*, 884 F.3d at 1141). According to Rhino, the term "interface connector," as recited in the claims, is necessarily a physical connector for external devices. Dkt. No. 18 at 13. Rhino asserts that the claim language and the specification support its proposed

4

construction, while rendering implausible OBDSS's infringement theories. *Id.* at 13–20 (citing the '346 Patent at 3:16, 5:55, 3:9–16, 6:8–43; Figs. 1, 7).

OBDSS responds that it has sufficiently pleaded both direct and indirect infringement when its allegations are taken as true, as required at the pleadings stage. Dkt. No. 21 at 4. In addition, OBDSS asserts that Rhino improperly asks the Court to engage in claim construction analysis at the pleadings stage and decide the issue as a matter of law based on an overly narrow construction of the "interface connector" term recited in the claims. *Id.* at 8 (citing *Nalco Co.*, 883 F.3d at 1350, *Gestion Proche, Inc. v. Dialight Corp.*, Civil Action No. 4:16-CV-00407, 2017 U.S. Dist. LEXIS 65617, at *6-8 (E.D. Tex. May 1, 2017), and *Kirsch Research & Dev., LLC v. Atlas Roofing Corp.*, No. 5:20-CV-00055-RWS, 2020 U.S. Dist. LEXIS 248825, at *7-10 (E.D. Tex. Sep. 29, 2020)). OBDSS also asserts that, even at the claim construction stage of this case, Rhino's proposed construction should be rejected. *Id.* at 6–7. Finally, OBDSS argues that its first amended complaint would still support a plausible theory of infringement even if Rhino's overly narrow construction were adopted. *Id.* at 7–8.

Here, the Court is not persuaded that it is appropriate to resolve the issues raised by Rhino at the pleadings stage. Regardless of whether the claims are afforded their broadest possible construction, OBDSS has set forth a plausible theory of infringement against Rhino. *See e.g.* Dkt. No. 14-1 at 5:55–62 and FIG. 7; *see also In re Bill of Lading*, 681 F.3d at 1343, n. 13. Nothing more is required at this stage. Furthermore, the Court sees no reason to expedite claim construction as to the "interface connector" term.

## IV.    CONCLUSION

For the reasons above, the undersigned recommends **DENYING** Rhino's motion to dismiss in its entirety.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); see *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 20th day of January, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE